# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANGELA M. NELSON,
            Appellant,

            v.

DEPARTMENT OF THE ARMY,
            Agency.

DOCKET NUMBER
DA-1221-15-0197-W-1

DATE: February 29, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Angela M. Nelson, Leesville, Louisiana, pro se.

Bernadine Lenahan, Esquire, Fort Polk, Louisiana, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in her individual right of action (IRA) appeal.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    Effective June 2, 2014, the agency appointed the appellant to a GS-11 Clinical Nurse position at the Department of Behavioral Health at the agency's Bayne-Jones Army Community Hospital.  Initial Appeal File (IAF), Tab 9 at 11, 14.  On August 22, 2014, the agency informed the appellant that she was being terminated during her probationary period due to unsatisfactory performance and conduct.  *Id.* at 14-15.  The appellant resigned in lieu of being terminated effective that same day.  *Id.* at 11-12.  On or about September 6, 2014, the appellant submitted a complaint to the Office of Special Counsel (OSC) alleging that the agency had forced her to resign in retaliation for her whistleblowing activity at a July 14, 2014 meeting, during which she complained to management that A.C., the individual assigned to train her, was unwilling to train her and had treated her in a negative manner.  IAF, Tab 7 at 8, 12-14.  OSC notified the appellant by letter dated November 17, 2014, that it was terminating its inquiry into those allegations.  *Id*. at 17-18.

¶3    The appellant timely filed an IRA appeal with the Board.[2]  IAF, Tab 1.  The administrative judge issued a jurisdictional order informing the appellant of her burden of proof and ordering her to file evidence and argument to establish Board jurisdiction over her IRA appeal.  IAF, Tab 3.  In response, the appellant asserted that she made protected disclosures to management regarding A.C.'s refusal to train her and her hostile behavior towards the appellant during a July 14, 2014 meeting and that, as a result of her disclosures, the agency forced her to resign several weeks later, on August 22, 2014.[3]  IAF, Tab 5 at 6-7.  The appellant also submitted numerous documents, including, among other things, "sample packets" she purportedly presented to management detailing her complaints about A.C. and the training she had received.  IAF, Tab 5.  In relevant part, these documents assert that:  A.C. treated the appellant in a disrespectful and hostile manner; A.C. had limited time to assist the appellant; A.C. did not want to train the appellant; A.C. had a "personal relationship" with the other trainee and "made constant comments like Miss [J] already knows how to do this, and Miss [J] can do this and Miss [J] can do that"; the orientation process was "confusing and overwhelming"; A.C. referred to the appellant and the other trainee as "you girls" in emails; A.C. initially praised the appellant's progress but later questioned her understanding and informed her that she "asked too many repetitive questions"; A.C. appeared annoyed when the appellant tried to ask her questions; and, on one

_____

[2] Although the appellant initially requested a hearing, IAF, Tab 1 at 2, she subsequently withdrew her request, IAF, Tab 13.

[3] As the administrative judge noted in the initial decision, contrary to the appellant's statements that she met with management on July 14, 2014, other evidence suggests that the meeting occurred on or about August 6, 2014.  IAF, Tab 22, Initial Decision (ID) at 6; *see* IAF, Tab 5 at 37, Tab 18 at 12, Tab 19 at 5.  In addition, it is unclear which of the documents the appellant presented management at the meeting because, as the administrative judge noted, some of the documents post-date the alleged meeting or refer to the supervisor's behavior during the meeting itself, indicating that they were drafted after the fact.  ID at 6; *see, e.g.*, IAF, Tab 5 at 18-19.  Nonetheless, we need not resolve these discrepancies as they do not affect the outcome of the case.

occasion, another instructor treated the appellant in a condescending manner and questioned her competence and comprehension level. *Id*. at 17-27.

¶4 In an initial decision based on the written record, the administrative judge found that the appellant had established jurisdiction over her IRA appeal by exhausting her administrative remedy and making nonfrivolous allegations that she had disclosed an abuse of authority and that the disclosure was a contributing factor in the agency's decision to terminate her. ID at 5. However, he concluded that she failed to establish a prima facie case of whistleblower retaliation because she failed to meet her burden of showing by preponderant evidence that she made a protected disclosure. ID at 6. Specifically, the administrative judge found that a disinterested observer could not reasonably conclude that the appellant's disclosures regarding A.C.'s "hostile" behavior evidenced an abuse of authority because the incidents, as described by the appellant, appeared to be within the bounds of appropriate workplace behavior and did not involve abusive language or denigrating, harassing, or intimidating behavior. ID at 7. Further, the administrative judge found that, although an arbitrary or capricious refusal to carry out one's duties could fall within the definition of an abuse of authority, the appellant's disclosure that A.C. had improperly refused to train her was not supported by the record. ID at 7-8.

¶5 The appellant has filed a petition for review of the initial decision, the agency has responded in opposition to the appellant's petition for review, and the appellant has submitted a reply to the agency's opposition. Petition for Review (PFR) File, Tabs 1, 3-4.

## ANALYSIS

¶6 To prevail on the merits of an IRA appeal in which the appellant alleges retaliation for protected disclosures, the appellant must prove by preponderant evidence that: (1) she reasonably believed that she made a protected disclosure concerning one or more categories of wrongdoing enumerated in

section 2302(b)(8); and (2) her protected disclosure was a contributing factor in the challenged personnel action. *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶¶ 27-28 (2013). If the appellant makes such a showing, the burden shifts to the agency to prove by clear and convincing evidence that it would have taken the same action in the absence of the disclosure. *Id.*, ¶ 32; *see* 5 U.S.C. § 1221(e)(2).

¶7   One of the categories of wrongdoing specified in section 2302(b)(8) is an abuse of authority. *See* 5 U.S.C. § 2302(b)(8)(A)(ii). An abuse of authority occurs when there is an arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or results in personal gain or advantage to himself or preferred other persons. *Pasley v. Department of the Treasury*, 109 M.S.P.R. 105, ¶ 18 (2008). Harassment or intimidation of other employees may constitute an abuse of authority. *Id.* A supervisor's use of his influence to denigrate other staff members in an abusive manner and to threaten the careers of staff members with whom he disagrees constitutes abuse of authority. *Id.*

¶8   As stated above, the administrative judge found that the appellant failed to show by preponderant evidence that she had a reasonable belief that she had disclosed an abuse of authority. ID at 6-8. On review, the appellant does not point to any specific error in the initial decision. PFR File, Tabs 1, 4. Rather, she states that she is "disappointed" in the initial decision and reiterates that A.C. treated her in a "hostile and abusive" and "harassing and intimidating" manner and that A.C. refused to train her or "did not provide sufficient training." PFR File, Tab 1 at 3, Tab 4 at 4-6.

¶9   We agree with the administrative judge that the appellant has failed to show that she disclosed an abuse of authority based on A.C.'s alleged "hostile" treatment and failure to provide the appellant "sufficient" training. As the administrative judge correctly explained, none of the appellant's disclosures alleged that A.C. used abusive language or that she behaved in a denigrating,

harassing, or intimidating manner towards the appellant. ID at 7. Rather, the events she described appear to be within the bounds of appropriate workplace behavior, including, for example, her allegations that A.C. questioned her understanding and referred to the appellant and another trainee in emails as "you girls." *Id.*; *see* IAF, Tab 5 at 20. Furthermore, a disinterested observer could not reasonably conclude that the appellant's allegations that the orientation process was "confusing and overwhelming" and that A.C. "looked annoyed" when the appellant asked her questions evidenced an arbitrary or capricious exercise of power by a Federal official. IAF, Tab 5 at 20. Furthermore, the appellant's cursory allegations that A.C. treated her in a "hostile" and "disrespectful" manner, *e.g.*, *id*. at 17-21, 26, are too vague to constitute a protected disclosure. *See Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616, ¶ 13 (2006) (explaining that disclosures must be specific and detailed, not vague allegations of wrongdoing regarding broad or imprecise matters).

¶10    Insofar as the appellant disclosed that A.C. refused to train her, we agree with the administrative judge that the training logs, emails, and witness statements show that A.C. provided training to the appellant at least until July 14, 2014. ID at 8; IAF, Tab 19 at 5-158. Moreover, as noted by the administrative judge, the appellant acknowledged that she informed management at the meeting that "it was not a good idea" for A.C. to continue to train her. ID at 8; *see* IAF, Tab 5 at 18. Thus, a reasonable person in the appellant's position could not reasonably conclude that she had disclosed an abuse of authority based on A.C.'s alleged refusal to train the appellant.

¶11    Based on the foregoing, we discern no basis for disturbing the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).   You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.   Additional

information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.